UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DIONNE McKINNEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-00596-VEH-TMP |
| JEB FANNIN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on July 10, 2017, 2017, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 6). The plaintiff was notified of his right to file objections within fourteen (14) days of the report and recommendation (*id*.), and on July 20, 2017, the court received the plaintiff's objections (doc. 7) and a "Supplemental Pleading" (doc. 8).

In his complaint, construed liberally, the plaintiff asserted he is illegally detained because he did not receive a probable cause hearing after his arrest. In response to the report and recommendation of the magistrate judge, the plaintiff now asserts, by way of objections, that defendant Stephen Ledbetter violated his Fourth Amendment right against unreasonable seizure and failed to comply with the due process clause of the Fourteenth Amendment. (Doc. 7 at 1). The plaintiff argues that

a form complaint and arrest warrant, unaccompanied by a separate affidavit, fail to meet the requirements of the Fourth Amendment and fail to establish probable cause. (*Id*.).

Setting aside the fact that the plaintiff did not raise the constitutionality of a "form complaint and arrest warrant, unaccompanied by a separate affidavit" in his complaint, nothing in this objection has merit.[1] Under Alabama law, even if "the writ of arrest was wrongly issued it does not follow that the arrest was invalid."[2] *Rennow v. State*, 255 So.2d 602, 603 (Ala.Crim.App. 1971). Moreover, an arrest not in compliance with Alabama statutes is not a per se violation of the federal Constitution. *See Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002) (stating that "[s]ection 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right ...." and further noting that "there is no federal right not to be arrested in violation of state law.") (citations omitted);*Wilcox v. Ford*, 813 F.2d 1140, 1145 n. 7 (11th Cir. 1987) (a federal court

---

[1]The "form complaint" about which the plaintiff complains is substantially the same as Form CR-64 Complaint and Warrant (Felonies, Misdemeanors, or Violations—District Court or Municipal Court) found in the appendix of forms for the Alabama Rules of Criminal Procedure. The same form is available on the Alabama Administrative Office of Courts website, alacourt.gov, by selecting "e-forms" and looking in the folder labeled "criminal."

[2]Alabama law allows that police officers "may arrest any person without a warrant on any day and at any time when a felony has been committed and the officer has reasonable cause to believe that the person arrested committed it." *Ex parte Hamm*, 564 So. 2d 469, 472 (Ala. 1990) (citing Ala.Code § 15-10-3).

is not concerned with violations of state law unless the violation raises federal constitutional problems).

More importantly, the complaint and warrant for the plaintiff's arrest were within the bounds of the Fourth Amendment, as applied to the states through the Fourteenth Amendment due process clause.[3] The facts set forth in the complaint were sworn to by defendant Ledbetter, which provided a reasonable basis for the warrant to issue. *See Harris v. Falls*, 920 F.Supp.2d 1247, 1260 (N.D.Ala. 2013). Nothing under the Constitution or Alabama law requires an affidavit in support of a warrant be set forth on a wholly separate sheet of paper, as the plaintiff seems to argue. Additionally, the Constitution also allows an arrest without a warrant where law enforcement officers have probable cause to believe that an individual has engaged in a felony. Probable cause exists where the facts and totality of the circumstances, as collectively known to the law enforcement officers and based on reasonably trustworthy information, are "sufficient to cause a person of reasonabl[e] caution to believe an offense has been or is being committed." *Parker v. Allen*, 565 F.3d 1258,

---

[3]To the extent the plaintiff is attempting to state two separate claims for wrongful arrest—one based on the Fourth Amendment and one based on the Fourteenth Amendment—only one such claim exists. The Fourth Amendment protects against unlawful seizures, and that protection is applied to the states through the Fourteenth Amendment. All such claims are analyzed using the Fourth Amendment standard. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 n. 15 (11th Cir. 2010).

1289 (11th Cir. 2009) (citations omitted). *See also United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002).

Thus, even if the arrest warrant was fatally deficient, this does not equate to an arrest without probable cause. Additionally, even if an officer lacked actual probable cause to make an arrest, he is nevertheless entitled to qualified immunity if there was arguable probable cause for the arrest. *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999). Arguable probable cause exists if a reasonable police officer, knowing what the defendant knew, could have believed that there was probable cause for the arrest. *Lee v. Ferraro,* 284 F.3d 1188, 1195 (11th Cir. 2002) (*quoting Scarbrough v. Myles,* 245 F.3d 1299, 1302 (11th Cir. 2001)). In determining whether arguable probable cause existed at the time of the arrest, the courts look at the totality of the circumstances. *Davis v. Williams*, 451 F.3d 759 (11th Cir. 2006).

Whether the plaintiff intended to raise a claim of malicious prosecution on the grounds that he was arrested and detained based on a warrant that was unsupported by probable cause and/or a claim that he was falsely arrested or imprisoned without a warrant, both claims fail. The plaintiff's conclusory assertions that the arrest warrant was unconstitutional and not supported by probable cause are insufficient to

bring into question the validity of the arrest warrant.[4] Although courts are required to construe pro se complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Moreover, a claim of malicious prosecution does not accrue until the criminal proceedings have been favorably terminated in the plaintiff's favor, which has not occurred here. *See Wood v. Kessler,* 323 F.3d 872, 882 (11th Cir. 2003) (noting probable cause bars a malicious prosecution claim).

The state court records reflect that the Court Clerk signed a Complaint based on the statement under oath of Stephen Ledbetter that he had probable cause to believe that on or about March 21, 2017, the plaintiff possessed methamphetamine near Home Depot, in Sylacauga, Alabama. *State of Alabama v. Dionne Carlos McKinney*, DC 2017-100181.00 (Talladega County, Ala.). *See e.g.*, *Sada v. City of Altamonte Springs*, 434 Fed.App'x 845, 849 (11th Cir. 2001) (holding that various

---

[4]The warrant states that the plaintiff was in possession of methamphetamine near the Home Depot in Sylacauga, Alabama, on or about March 21, 2017. The arrest report reflects that the plaintiff was arrested for shoplifting, handcuffed, and then consented to arresting officer, Sgt. Michael B. Smith, searching his vehicle. Sgt. Smith found "small baggies of powdery substance which is believed to be a controlled substance." *State of Alabama v. Dionne Carlos McKinny*, DC 2017-100181.00 (Talladega County, Ala.). This court may take judicial notice of state court proceedings and the docket sheet so generated. *See e.g., Grider v. Cook*, 522 Fed.App'x 544, 545 n. 2 (11th Cir. 2013); *McDowell Bey v Vega*, 588 Fed.App'x 923, 926 (11th Cir. 2014).

witnesses' statements were sufficient to establish probable cause). As previously stated, the constitution requires no more than this for Fourth Amendment purposes. Under Alabama law too, this is sufficient. *See e.g., Hunt v. State*, 659 So.2d 933, 947-48 (Ala.Crim.App. 1994) (finding substantially similar complaint adequate to establish probable cause).

The evidence at the defendants' disposal at time the complaint and arrest warrant issued was more than sufficient to establish arguable probable cause. The plaintiff's general assertions that probable cause was not established, with no specific factual support, do not require a finding otherwise. *See e.g.*, *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (something more than mere conclusory notice pleading is required in civil rights complaints, especially where the defense of qualified immunity is involved). Even if the charges are eventually dropped, or there is an acquittal, is of no consequence in determining the validity of the arrest itself. *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). *See also Anderson v. Creighton*, 483 U.S. 635, 641(1987) ("it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials ... should not be held personally liable.").

The plaintiff asserts that defendant Ledbetter knew or should have know that a form complaint and arrest warrant failed to establish probable cause and therefore should not have applied for the arrest warrant. (Doc. 7 at 1). To the extent that this can be construed as an objection to the sufficiency of the evidence underlying the complaint and arrest warrant, such a challenge properly falls within the realm of habeas corpus, assuming the same is properly raised during trial. *See McDowell Bey v. Vega*, 588 Fed. App'x 923, 926 (11th Cir. 2014) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)). As previously stated, a witness statement can be sufficient to establish probable cause. An affidavit need not reflect the direct personal observations of the affiant and may be based on hearsay. *See Illinois v. Gates*, 462 U.S. 213, 241-242 (1983); *United States v. Ventresca*, 380 U.S. 102, 1108 (1965).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil-rights claims. The Court ruled that a § 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87

(footnote omitted). *Heck* has been extended to claims for declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* bars a § 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing forfeiting good-time credits).

While not all § 1983 actions for Fourth Amendment search and seizure violations imply the invalidity of a conviction such that *Heck* would bar those claims, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), here the plaintiff's allegations necessarily challenge the validity of the charges. The plaintiff may not use § 1983 as a means to test the evidence against him prior to his state court criminal trial.[5] *See e.g., Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit]

---

[5]*See e.g., Keys v. Pennsylvania*, 2011 WL 766978, at *11 (M.D. Pa. Jan. 19, 2011), report and recommendation adopted, 2011 WL 766950 (M.D. Pa. Feb. 25, 2011)) (noting that while the plaintiff attempted to challenge the sufficiency of the evidence against him with respect to the criminal charges filed against him by way of a § 1983 suit, "he has not yet even had his [] trial with respect to these charges .... If Plaintiff does not prevail on his state court habeas petition and he is later convicted of the 7 criminal offenses ..., he will have the opportunity to file appeals, both direct and collateral, in state court. Then, once he exhausts his state court remedies, if he is in fact convicted, he will be able to file a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 .... Plaintiff's present claims challeng[ing] the sufficiency of the evidence against him with respect to the criminal charges filed against him ... are premature.").

would necessarily imply the invalidity of his conviction."); *see also Vickers v. Donahue*, 137 Fed.App'x 285, 290 (11th Cir. 2005) (claims alleging malicious and false arrest would necessarily invalidate a conviction that had not been reversed or declared invalid and therefore were barred under *Heck*).

The plaintiff next objects that his due process rights under the Fourteenth Amendment were abridged by defendant Ledbetter obtaining a warrant for his arrest that was not supported by probable cause. (Doc. 7 at 1-2). This argument fares no better than the plaintiff's argument under the Fourth Amendment, and in fact is indistinguishable from it. Again, until the plaintiff exhausts his state court remedies, including raising these issues at trial and on appeal, *Heck* bars his § 1983 claim here. *Wilkinson*, 544 U.S. at 81–82 ("§1983 suit is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original).

The plaintiff's further objections are no more than restatements of his first two. He asserts that defendant Judge Fannin issued a facially invalid warrant because it

was a form complaint without a separate affidavit.⁶ (Doc. 7 at 2). To the extent that the plaintiff is attempting to assert that Judge Fannin acted in absence of jurisdiction, his argument is misplaced. Issuing arrest warrants is a function normally performed by a judge and is clearly within the jurisdictional authority of a state court judge. *See e g., Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (holding that judge is entitled to absolute judicial immunity for all actions taken within the exercise of his jurisdiction); *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (same). A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Defendant Fannin is a judge of the District Court of Talladega County, Alabama. The plaintiff's interactions with Judge Fannin, specifically the plaintiff's initial appearance on March 22, 2017, were within Judge Fannin's authority as a judge. Thus, Judge Fannin's actions were within his jurisdiction and his judicial capacity, and he is therefore immune from suit. *Simmons*, 86 F.3d at 1084–85.

---

⁶Judge Fannin's name does not appear on the plaintiff's arrest warrant. Rather, from the face of the document, defendant Ledbetter appeared before Clerk Brian York, under oath, and swore to the information contained in the complaint. Based on that testimony, York signed the complaint and writ of arrest. Moreover, while defendant Ledbetter executed the writ, the officer who actually took the plaintiff into custody is listed on the Arrest Report as Sgt. Michael B. Smith. Authority for Court Clerks to administer oaths, take affidavits, and issue and sign all writs is found in § 12-2-97, *Code of Alabama 1975*, as amended.

To the extent the plaintiff asserts that the defendants "willfully and maliciously unreasonably seized the plaintiff without probable cause" (doc. 7 at 2), this objection merely restates the plaintiff's belief that some further evidence, in the form of a separate affidavit, was needed for his arrest. The plaintiff's attempt to state the district attorney, Steven Dale Giddons, is liable because he knew or should have known that the arrest warrant was insufficient, does not salvage his claims. Even if the plaintiff had named Giddons in his complaint, the plaintiff's allegations do not state a cause of action. And if a cause of action could be gleaned from the plaintiff's allegations, district attorneys are wholly immune from suit for actions taken in accordance with their offices. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002).

To the extent that the plaintiff's "supplemental pleading" (doc. 8) can be construed as an attempt to amend his complaint, any such attempt is futile. As set forth by the magistrate judge in the report and recommendation, while parties ordinarily should be allowed at least one opportunity to amend a complaint, the same

need not be allowed when an amendment is futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Even if the plaintiff was arrested without probable cause, his remedy is through the trial and appellate courts of Alabama and then through the habeas corpus procedures of state and federal court. Section 1983 simply does not provide a means to challenge evidence, pretrial or otherwise, in federal court.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the plaintiff's objections, the plaintiff's objections are **OVERRULED.** The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

To the extent that the plaintiff's supplemental pleading (doc. 8) can be construed as a motion to amend his complaint, said motion is **DENIED** as futile.

A Final Judgment will be entered.

**DONE** this 3rd day of August, 2017.

                                                            **VIRGINIA EMERSON HOPKINS**
                                                            United States District Judge